LEONARD P. FIELDS AND JARED W. PARSONS, COM-MITTEE, ETC., RESPONDENTS, *v.* MAXWELL T. FOWLER, APPELLANT.

*Lunatic — committee of — when action may be brought in their name.*

An action to rescind the sale of a farm made to a lunatic, and to cancel the satisfaction of a mortgage given by him, is properly brought in the name of the committee of such lunatic.

*McKillip* v. *McKillip* (8 Barb., 552) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This is an action in equity, brought by the committee of a lunatic to set aside a sale of a farm to the lunatic, made to him while a lunatic by the defendant, and to rescind said sale, and cancel the satisfaction of a mortgage given by said lunatic, and for other relief.

*Hiscock, Gifford & Doheny*, for the appellants.

*C. B. Sedgwick*, for the respondent.

E. DARWIN SMITH, J.:

This action being brought to impeach and set aside the deed to Amidon, the alleged lunatic, and the satisfaction of the mortgage and check executed by him to the defendant, on account, and on the ground, of the insanity of said Amidon at the time of their execution, was properly brought by, and in the name of, his committee. The rule undoubtedly was and still is at law, when the action is brought to assert the title of the lunatic in real or personal property, it must be brought in his name, as held in *McKillip* v. *McKillip.** The appointment of a committee of a lunatic does not, as held in that case, divest him of his estate or rights of action, and the rule as there stated remains, except as changed by the Code, as hereinafter stated, and by the act of 1845,† which authorizes the committee to sue for any debt, claim or demand transferred to them, or to the possession and control of which they are entitled as such committee. The case of *McKillip* arose before the Code, and was decided without respect to it.

The 111th section of the Code, providing that every action must be prosecuted in the name of the real party in interest, simply adopted the rule in chancery as to parties to actions. In *Gorham* v. *Gorham*,‡ Chancellor WALWORTH, upon this question, after referring to the various cases where the subject had been considered, said: "The result of these several decisions was, that where the object of the bill was to set aside the act or deed of the lunatic upon the ground of his mental incapacity at the time the act was done, or the deed was executed, the bill might be filed by the committee or the attorney-general alone, or by joining the lunatic with the committee." Chancellor KENT held the same rule, in *Ortley and Baker Committee, etc.*, v. *Messere*,§ and overruled a demurrer to a complaint, presenting the single point that the lunatic was a necessary party, and said that the lunatic might be considered as a party by his committee, and, like trustees of an insolvent debtor, the committee held the estate in trust under the direction of the court. This view coincided in effect with the case of *Person, Committee, etc.*, v. *Warren*,¶ where the learned judge held that the committee might be held a trustee of an express trust for the purpose

* 8 Barb., 552.  † Vide Sess. Law, 1845, chap. 112, p. 90.
‡ 3 Barb. Chancery Rep., 32.  § 7 John. Chy., 139.  ¶ 14 Barb., 488.

of maintaining such an action within the spirit and intent of section 113 of the Code. Within these cases, I think the action was properly brought in the name of the committee. I see no error in the ruling of the referee, and think the judgment should be affirmed with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed, with costs.